**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MOBILE TRANSFORMATION LLC, | : |
| Plaintiff, | : |
| v. | : Civil Case No. _____ |
| TNA ENTERTAINMENT, LLC | : **JURY TRIAL DEMANDED** |
| Defendant. | : |

## COMPLAINT

Plaintiff Mobile Transformation LLC ("Plaintiff"), for its Complaint against Defendant TNA Entertainment, LLC ("Defendant"), hereby alleges as follows:

## PARTIES

1. Plaintiff is a Delaware limited liability company.

2. Upon information and belief, Defendant is a Delaware limited liability company having a principal place of business at 209 10th Avenue South, Suite 302, Nashville, TN 37203. Upon information and belief, Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801.

## NATURE OF THE ACTION

3. This is a civil action for the infringement of United States Patent No. 6,351,736 (the "'736 Patent") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.*

5.      This Court has personal jurisdiction over Defendant because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

6.      Upon information and belief, more specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States and the State of Delaware.  Upon information and belief, Defendant has committed patent infringement in the State of Delaware.  Defendant solicits customers in the State of Delaware.  Defendant has many paying customers who are residents of the State of Delaware and who each use Defendant's products and services in the State of Delaware.

7.      Venue is proper in this judicial district as to Defendant pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT-IN SUIT

8.      Paragraphs 1-7 are incorporated by reference as if fully set forth herein.

9.      On February 26, 2002, the '736 Patent entitled "System and Method for Displaying Advertisements with Played Data" was duly and lawfully issued by the United States Patent and Trademark Office ("PTO").  The '736 Patent is attached hereto as Exhibit A.

10. Plaintiff is the exclusive licensee of the '736 patent and possesses all rights of recovery under the '736 patent, including the right to sue and recover all damages for infringement thereof, including past infringement.

### COUNT I – PATENT INFRINGEMENT

11. Paragraphs 1-10 are incorporated by reference as if fully restated herein.

12. Upon information and belief and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least Claim 64 of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via the website http://www.impactwrestling.com (the "TNA Website"). A copy of a relevant portion of the TNA Website is attached as Exhibit B. More specifically, and by way of non-limiting example, the TNA Website uses an embedded flash player to present a first data type of a video file "A Chronicle Of Sting's Experience in England" along with the presentation of advertising data of a second type that includes an image advertisement for the videogame "The Godfather," for example.

13. For purposes of Claim 64, when a web browser of a client device selects the video file from the TNA Website, the web server that serves the TNA Website downloads both the video file (first data type) and the image advertisement data (second data type) from one or more content repositories. The web server that serves the TNA Website then executes executable code created by Defendant's content authors/website administrators. The executable code includes both the first and second commands for the presentation of the first and second data types, respectively. The executable code couples the presentation of the first and second data types.

That is, because the first and second data types are linked together via executable code, the presentation of the second data types causes the presentation of the first data type, automatically. The web server that serves the TNA Website presents the first data type to the web browser of the client device. Namely, the graphical image advertisement for the videogame "The Godfather" is presented along with the presentation of video file for "A Chronicle Of Sting's Experience in England." Thus, the selection/presentation of the video causes the presentation of the static image advertisement, though not necessarily in that order.

14. To the extent such notice may be required, Defendant received actual notice of its infringement of the '736 Patent at least as early as the filing of the original complaint in this action, pursuant to 35 U.S.C. § 287(a).

15. Defendant's aforesaid activities have been, intentional, without authority and/or license from Plaintiff.

16. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

17. Defendant's infringement of Plaintiff's exclusive rights under the '736 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Mobile Transformation LLC respectfully requests that this Court enter judgment against Defendant TNA Entertainment, LLC. as follows:

A. An adjudication that Defendant has infringed the '736 Patent;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285;

D. An award to Plaintiff of its attorney fees, costs, and expenses incurred in prosecuting this action; and

E. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated:  March 1, 2012

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540

*Counsel for Plaintiff*
*Mobile Transformation LLC*